ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JORGE ÁNGEL MERCADO RUIZ **Parte peticionaria** v. SUCN. INTESTADA DE ANA LYDIA RUIZ RAMOS t/c/c LYDIA RUIZ RAMOS compuesta por su viudo EUQUERIO MERCADO t/c EUQUELIO MERCADO Y OTROS **Parte recurrida** | **TA2026CE00335** | ***CERTIORARI*** Procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón** Caso núm.: **BY2024CV06767** Sobre: **DIVISIÓN O LIQUIDACIÓN DE LA COMUNIDAD DE BIENES HEREDITARIOS** |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de abril de 2026.

El 19 de marzo de 2026, Jorge Ángel Mercado Ruiz, en adelante Mercado Ruiz o el peticionario, presentó el recurso de epígrafe con el propósito de que revisemos la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 11 de febrero de 2026, notificada el 12 de febrero de 2026. En dicha determinación, el foro primario declaró *No Ha Lugar* la moción de desistimiento presentada por el peticionario al amparo de la Regla 22.1(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 22.1.

Por los fundamentos que expondremos a continuación, *denegamos* el recurso de *Certiorari*.

**I.**

El 12 de noviembre de 2024, Mercado Ruiz presentó una Demanda sobre división y liquidación de comunidad hereditaria contra la Sucesión de la causante Ana Lydia Ruiz Ramos, en adelante Ruiz Ramos, compuesta por Euquerio Mercado, viudo de la causante, así como Julio Ángel Mercado Ruiz, Ricardo Mercado Ruiz y José Ángel Mercado Ruiz, hijos de la causante y hermanos del peticionario, en adelante la parte recurrida. En síntesis, alegó que, tras el fallecimiento de Ruiz Ramos en el año 2011, el viudo administró exclusivamente los bienes gananciales sin rendir cuentas. Por ello, solicitó la liquidación, inventario, avalúo y adjudicación del caudal hereditario.[1]

Posteriormente, el 7 de julio de 2025, Mercado Ruiz presentó una moción mediante la cual sometió la Resolución sobre declaratoria de herederos. Informó haber recibido copia certificada de dicha Resolución y la unió al expediente para su consideración judicial.[2]

De la referida Resolución surge que el tribunal declaró como únicos y universales herederos de la causante a sus cuatro (4) hijos. Además, reconoció al viudo, Euquerio Mercado, *como titular de la cuota viudal usufructuaria* conforme a derecho.[3]

Más adelante, el 4 de diciembre de 2025, la parte recurrida presentó una Moción Informativa para notificar al tribunal el fallecimiento de Euquerio Mercado, ocurrido el 17 de noviembre de 2025. Acompañó el certificado de defunción correspondiente.[4]

A raíz de dicho fallecimiento, el 5 de diciembre de 2025, el Foro Primario emitió una *Orden* mediante la cual concedió al peticionario un término de noventa (90) días para efectuar la

---

[1] Entrada 1 de SUMAC TA, apéndice 1.
[2] *Id.*, apéndice 53.
[3] *Íd.*, anejo 1.
[4] *Íd.*, apéndice 83.

sustitución de Euquerio Mercado, a tenor con la Regla 22.1 de Procedimiento Civil, supra, bajo apercibimiento de archivo *sin perjuicio* de la demanda.[5]

El 11 de febrero de 2026, Mercado Ruiz presentó una moción al amparo de la Regla 22.1(a) mediante la cual solicitó el desistimiento de la reclamación contra el codemandado fallecido, Euquerio Mercado. En suma, sostuvo que el derecho del viudo a la cuota viudal usufructuaria no es transmisible y que dicho derecho se extinguió con su muerte, por lo que procedía el archivo de la acción en su contra mediante sentencia parcial.[6]

Ese mismo día, el 11 de febrero de 2026, el Tribunal de Primera Instancia emitió *Resolución Interlocutoria*, notificada el 12 de febrero de 2026, mediante la cual declaró *No Ha Lugar* al desistimiento solicitado. El Foro Primario razonó que, aunque el derecho de usufructo pudo haberse extinguido, resultaba necesario considerar la participación ganancial del viudo en los bienes adquiridos durante el matrimonio. En consecuencia, determinó que la sucesión de Euquerio Mercado constituye parte indispensable y ordenó su sustitución conforme a derecho.[7]

Inconforme, el 17 de febrero de 2026, el peticionario presentó Moción de Reconsideración. En está reiteró que, conforme al Código Civil de 1930 aplicable al caso, el viudo no ostentaba derechos hereditarios transmisibles, sino únicamente un usufructo vitalicio que se extinguió con su muerte. Por tal razón, sostuvo que no procedía incluir su sucesión de Euquerio Mercado en la liquidación de la herencia de la causante. No obstante, en el propio escrito, Mercado Ruiz reconoció expresamente que los herederos de Euquerio Mercado no coinciden con los herederos de la causante, lo

---

[5] Entrada 1 de SUMAC TA, apéndice 84.
[6] *Id.,* apéndice 90.
[7] *Íd.*, apéndice 91.

que evidencia la existencia de otros interesados en la participación ganancial del viudo.[8]

El 18 de febrero de 2026, el Tribunal de Primera Instancia emitió *Resolución Interlocutoria,* notificada el 19 de febrero de 2026, mediante la cual declaró *No Ha Lugar* a la reconsideración. En dicha determinación, el tribunal reiteró su postura de que la participación ganancial del viudo en los bienes adquiridos durante el matrimonio debía ser determinada y adjudicada antes de proceder a la liquidación del caudal hereditario. Por ello, insistió en que la sucesión del viudo es parte indispensable y que procede su sustitución, bajo apercibimiento de desestimación sin perjuicio.[9]

Aún inconforme, el 19 de marzo de 2026, el peticionario recurrió ante esta Curia mediante recurso de *Certiorari* en el cual planteó los siguientes señalamientos de error:

> **Erró el tribunal al no permitirle al demandante, desistir de la acción contra su padre Don Euquerio Mercado como consecuencia de su fallecimiento y ordenar la inclusión como parte indispensable de la Sucesión de Don Euquerio Mercado.**
>
> **Erró el tribunal al concluir que para liquidar la sucesión de Doña Ana Lydia Ruiz Ramos hay que determinar y adjudicar los bienes gananciales que adquirió con Don Euquerio Mercado y por ello es indispensable incluir como parte indispensable la Sucesión de Don Euquerio Mercado.**

El 20 de marzo de 2026, este foro emitió Resolución mediante la cual concedió a la parte recurrida hasta el 30 de marzo de 2026 para presentar su posición.[10] El 31 de marzo de 2026, el recurrido Jorge Mercado Ruiz compareció por derecho propio y solicitó una prórroga para presentar su alegato en oposición.[11] Vencido el término concedido a la parte recurrida sin que esta compareciera, procedemos a resolver.

---

[8] Entrada 1 de SUMAC TA, apéndice 94.
[9] *Id.*, apéndice 95.
[10] Entrada 4 de SUMAC TA.
[11] Entrada 5 de SUMAC TA.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13, 217 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020).

El recurso ante nuestra consideración está regulado por una ley especial, la Ley 22-2000, *supra*. La misma establece un proceso de revisión de multas de tránsito en el Foro Primario. Ahora bien, nada establece el antedicho estatuto con relación al proceso apelativo para impugnar la determinación del Tribunal de Primera Instancia, respecto a estas multas. Sin embargo, el Artículo 4.006, inciso (b) de la Ley de la Judicatura, 4 LPRA 24y, dispone que el Tribunal de Apelaciones podrá revisar "[m]ediante auto de *Certiorari* expedido a su discreción, cualquier Resolución u orden dictada por el Tribunal de Primera Instancia".

Esta discreción ha sido definida en nuestro ordenamiento jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No figura como un permiso para actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por consiguiente, para determinar si procede la expedición de este recurso debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, pág. 59.

La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

La precitada Regla dispone lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Reglamento del Tribunal de Apelaciones, supra, pág. 59; *Allio v. Santiago Chardón*, supra; *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Además, es norma reiterada en nuestro ordenamiento que la apreciación de la prueba corresponde, originalmente, al foro sentenciador. Los tribunales apelativos solo intervenimos con dicha apreciación cuando se demuestra satisfactoriamente la existencia de pasión, prejuicio, parcialidad o error manifiesto. *Rivera Menéndez v. Action Services*, 185 DPR 431, 448 (2012); *Pueblo v. Maisonave*, 129 DPR 49 (1991). Es ante la presencia de alguno de estos elementos o cuando la apreciación de la prueba no concuerde con la realidad fáctica, sea inherentemente increíble o claramente imposible, que se intervendrá con la apreciación efectuada. *Pueblo v. Irizarry*, 156 DPR 780, 789 (2002); Regla 42.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. La política jurídica tras esta normativa es dar deferencia a un proceso que ha ocurrido esencialmente ante los ojos del juzgador. Es ese juzgador de instancia quien observa el comportamiento de los testigos al momento de declarar y partiendo de eso adjudicó la credibilidad que le mereció. *SLG Rivera Carrasquillo v. AAA*, 177 DPR 345, 357 (2009).

### III.

En el presente caso, la parte peticionaria solicita la revisión de una Resolución interlocutoria mediante la cual el Tribunal de Primera Instancia denegó una solicitud de desistimiento y ordenó la sustitución de parte para incluir la sucesión del codemandado fallecido, Euquerio Mercado, al concluir que esta constituye parte indispensable en el pleito de liquidación de la herencia de la causante.

La controversia gira en torno a si, tras el fallecimiento de Euquerio Mercado —titular de la cuota viudal usufructuaria— procede el desistimiento de la acción en su contra o, por el contrario, la inclusión de su sucesión como parte indispensable en el referido proceso.

La parte peticionaria sostiene que, conforme al Código Civil de 1930, el derecho del viudo se limitaba a una cuota viudal usufructuaria de carácter personalísimo, la cual se extinguió con su muerte, por lo que no procede su sustitución. No obstante, este planteamiento atiende solo una de las dimensiones jurídicas del caso.

El Tribunal de Primera Instancia fundamentó su determinación en que, independientemente de la extinción del usufructo viudal, subsiste la necesidad de adjudicar la participación ganancial del viudo en los bienes adquiridos durante el matrimonio. Dicha participación constituye un derecho patrimonial distinto, que no se extingue con la muerte, sino que se transmite a su sucesión.

Por consiguiente, la exclusión de la sucesión del viudo del presente pleito conllevaría la adjudicación de bienes sin la comparecencia de todas las partes con interés propietario en los mismos.

A ello se añade un elemento particularmente revelador del expediente: la propia parte peticionaria reconoció que los herederos

del viudo no coinciden con los herederos de la causante, lo que evidencia la existencia de terceros con interés independiente en la participación ganancial de aquel. Este reconocimiento refuerza la conclusión del foro primario en cuanto al carácter indispensable de la sucesión del viudo.

Ante ese cuadro, concluimos que no se demostró la existencia de abuso de discreción, prejuicio, parcialidad o error craso por parte del Tribunal de Primera Instancia que justifique la intervención de este Tribunal en esta etapa interlocutoria. Tampoco surge que la denegatoria de la revisión en este momento produzca un fracaso irremediable de la justicia.

**IV.**

Por los fundamentos antes expuestos, **denegamos** la expedición del recurso de *Certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones